THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN M. PHILLIPS, SR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No.: 4:12-cv-02269 HEA |
| ) | |
| THE LELAND STANFORD JUNIOR ) | |
| UNIVERSITY db/a STANFORD ) | |
| UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

The Board of Trustees of the Leland Stanford Junior University ("Stanford") contends that Plaintiffs' filing of their Second Amended Complaint is simply an exercise in "blaming" parties for subjecting Plaintiffs (and others similarly situated) to alleged involuntary spraying of dangerous chemicals, and that Plaintiffs' effort fails for lack of detailed support in their pleading. Stanford's Memorandum In Support of Motion To Dismiss ("Stanford Memo"), pp. 1-2. Plaintiffs agree that the purpose of their Second Amended Complaint is, in effect, to advance claims that the Defendants (including Stanford) are blameworthy, but they do not agree that their pleading is improperly imprecise.

Stanford's contention that the Second Amended Complaint is too general ignores the standard by which the sufficiency of a complaint is judged. C.N. v. Willmar Pub. Sch., 591 F. 3d 624, 629 (8th Cir. 2010) (complaint need not contain detailed facts). Further, a comparison of the specificity in the Second Amended Complaint with the level of detail in the model complaints

contained in the Appendix of Forms demonstrates the adequacy of Plaintiffs' allegations. Hamilton v. Palm, 621 F. 3d 816, 818 (8th Cir. 2010). The sample complaints in the Appendix of Forms are relevant because F. R. Civ. P. 84 provides that the forms suffice under the rules and serve to illustrate the simplicity and brevity that these rules contemplate. R & L Carriers, Inc. v. DriverTech, LLC, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Taken as illustrative guides, any fair comparison of the contents of these forms with the Second Amended Complaint indicates that the degree of detail in Plaintiffs' pleading surpasses what is required.

Further, Plaintiffs have adequately alleged a public nuisance claim. See Plaintiffs' February 19, 2013 Memorandum In Opposition, pp. 4-5. Stanford's contention that Plaintiffs have not pled a "special injury claim", Stanford Memo, p. 6, defies a fair reading of Plaintiffs' Second Amended Complaint. "A battery is the willful touching of the person of another...." Armoneit v Ezell, 59 S.W.3d 628, 632 (Mo. App. E.D. 2001). The Second Amended Complaint alleges that Stanford (and others) caused to be sprayed upon residents of Pruitt-Igoe dangerous chemicals, and that Plaintiffs were residents of that housing complex at the time. Id., ¶¶ 6, 7. Moreover, it is the Plaintiffs' contemporaneous residence in the epicenter of this awful experiment that renders their injuries peculiarly special. See Kelly v Boys' Club, 588 S.W. 2d 254, 257 531, 535 (Mo. App. E.D. 1979) ("Whether this nuisance as alleged be deemed public or private, plaintiffs have asserted special injury to themselves and their property based upon their proximity to the nuisance."). See also, Jackson v. City of Blue Springs, 904 S.W. 2d 322, 329 (Mo. App. W.D. 1995).

Stanford's other attack on Plaintiffs' public nuisance claim is that there is no allegation that the Defendants interfered with a public right. Plaintiffs are bewildered by this contention. Interference with a "public right to life [and] health" is an archetypal example of conduct that

creates a public nuisance. City of St. Louis v. Varahi, Inc., 39 S.W.3d 531, 535 (Mo. App. E. D. 2001). Manifestly, the very gravamen of the Second Amended Complaint is that Defendants engaged in egregious conduct that seriously damaged the public's health in the area of the Pruitt-Igoe housing complex. Thus, Plaintiffs have adequately alleged that Defendants interfered with a public right.

Finally, Stanford attacks the Plaintiffs' pleading of their battery claim. However, its challenge is unjustified. The Second Amended Complaint more than adequately alleges an offense of bodily contact with another. Phelps v. Bross, 73 S.W. 3d 651, 656 (Mo. App. E.D, 2002); Duvall v. Lawrence, 86 S.W. 3d 74, 80 (Mo. App. E. D. 2002). If spitting on another person is a battery, Duvall, supra, then causing non-consenting individuals to be sprayed with dangerous chemicals certainly is as well.

For the foregoing reasons, this Court should enter an order denying Stanford's' Motion to Dismiss Plaintiffs' Second Amended Complaint.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
Elkin L. Kistner                    #35287MO
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
Telephone: (314) 571-6823
Facsimile: (314) 727-9071
E-mail: elkinkis@bick-kistner.com
*Counsel for Plaintiffs*

ROBERTS, WOOTEN & ZIMMER, LLC

Kevin C. Roberts   #31578MO
Attorneys at Law
P.O. Box 888
Hillsboro, Missouri 63050
Telephone: (636) 797-2693
Facsimile: (636) 789-4205
E-mail: KevinRoberts@rwzlaw.com
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2013, I electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dara D. Mann
McKenna Long & Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308

Jason W. Hall
Tami L. Azorsky
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Robert A. Roth
Reed Smith LLP
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606

Larry D. Hale
Hale Law Firm
1221 Locust Street, Suite 310
St. Louis, MO 63103
**ATTORNEYS FOR DEFENDANT PARSONS GOVERNMENT SERVICES, INC.**

Jeffrey S. Jacobi
Pillsbury Winthrop Shaw Pittman LLP
P.O. Box 2824
San Francisco, CA 94126
**ATTORNEY FOR DEFENDANT STANFORD UNIVERSITY**

/s/ Elkin L. Kistner

4